UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Laurie Davis,                                       Case No. 3:16-cv-2746

        Plaintiff

    v.                                              MEMORANDUM OPINION

Boilermaker-Blacksmith
National Pension Trust,

        Defendant

## I.    INTRODUCTION

Before me are the dueling motions for summary judgment filed by Plaintiff Laurie Davis, (Doc. No. 22), and Defendant Boilermaker-Blacksmith National Pension Trust, (Doc. No. 23). Both motions are fully briefed. (Doc. Nos. 23, 24, & 25).

## II.    BACKGROUND

Cleveland Madden passed away on November 28, 2015. He left behind many loved ones, including his ex-wife, Plaintiff Laurie Davis. Though the two were divorced on August 25, 2014, they were living together at the time of his death and intended to remarry in December 2015. Following Madden's passing, Davis attempted to collect benefits as a beneficiary to Madden's pension through the Boilermaker-Blacksmith Pension Fund. But her application was denied both initially and on appeal under Section 7.03 of the Pension Plan, which provides in relevant part,

> in the event a Participant's marriage is dissolved, any designation of such Participant's spouse as beneficiary shall be deemed null and void as of the date of dissolution unless the Participant redesignates such spouse as his beneficiary subsequent to the dissolution.

(Doc. No. 21-2 at 156-60). That is, the plan administrator determined that Madden's designation of Davis as beneficiary made in April and May 2006, when the two were still married, became void at the time of divorce. (*Id.* at 123-24, 156-60). Davis filed suit challenging the administrator's decision.

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. DISCUSSION

The parties agree this ERISA action is governed by the "arbitrary and capricious" standard of review, "the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir 2010) (quoting *Shields v. Reader's Digest Ass'n, Inc.*, 331 F.3d 536, 541(6th Cir. 2003)) (further citation omitted). So long as the administrator's decision "results from 'a deliberate principled reasoning process' and is supported by 'substantial evidence,'" it will be upheld. *Id.* (quoting *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991)).

When reviewing the administrator's decision, the court "must accept a plan administrator's rational interpretation of a plan even in the face of an equally rational interpretation offered by the participants." *Morgan v. SKF USA, Inc.*, 385 F.3d 989, 992 (6th Cir. 2004) (further citation omitted).

2

The administrator's interpretation of ambiguous terms will be given deference so long as that interpretation is "reasonable." *Shelby Cnty Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 935 (6th Cir. 2000).

In this case, Davis urges me to find unreasonable the administrator's interpretation of the term "dissolution" in Section 7.03 to include "divorce," even though the two are distinguishable under Ohio law. (Doc. No. 24 at 2). But, if anything, the term "dissolution" in this multi-state Pension Plan is an ambiguous term. The administrator's decision to interpret the term "dissolution" to include "divorce" is not unreasonable.

Because the interpretation was rational, I turn now to whether the administrator's decision deeming the beneficiary designation void was made "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D); *see also Metropolitan Life Insurance Co. v. Marsh*, 119 F.3d 415, 420 (6th Cir. 1997) ("[Section 1104(a)(1)(D)] establishes a clear mandate that plan administrators follow plan documents to determine the designated beneficiary."). Here, the plan administrator reasonably concluded that pursuant to Section 7.03 of the Plan, the designation of Davis as the beneficiary was void as of the date of divorce, August 25, 2014. Because there is no evidence in the record that Madden formally redesignated Davis as the beneficiary after the divorce, the decision to deny benefits was made in compliance with the language of the Plan, as required. Therefore, the plan administrator's decision was not arbitrary and capricious and must be upheld.

Thus, Defendant is awarded summary judgment on Davis's § 502(a)(1)(B) claim to recover benefits as an alleged beneficiary under the plan. In addition, "[b]ecause § 502(a)(1)(B) fully provides a means for the relief sought by [Davis], further equitable relief pursuant to § 502(a)(3) is unavailable."[1] *Tackett v. M.G. Polymers, USA, LLC*, 561 F.3d 478, 492 (6th Cir. 2009) (dismissing a §

---

[1] Even if Davis could pursue this claim for equitable relief, she would not be successful. Equitable estoppel requires proof of the following elements: "1) conduct or language amounting to a representation of material fact; 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's

3

502(a)(3) claim as a matter of law because the relief sought was available under § 501(a)(1)(B)).  As, such Defendant is awarded summary judgment on the § 502(a)(3) claims as a matter of law.

## V.     Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is granted.  (Doc. No. 23).  In turn, Davis's motion is denied.  (Doc. No. 22).

So Ordered.

                                         s/ Jeffrey J. Helmick
                                         United States District Judge

---

conduct is so intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation." *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 442 (6th Cir. 2010).  Davis fails to demonstrate any of these elements, supporting the claim only with the fact that the designation of beneficiary card did not explicitly warn Madden of this provision contained in the Plan.  But this in no way qualifies as the "intended deception or [ ] gross negligence as to amount to constructive fraud," required to prove equitable estoppel. *Id.* at 444.

4